■   PHOENIX ASSURANCE COMPANY OF NEW YORK, Plaintiff, v. HUNT AGENCY INC., Defendant and Third-Party Plaintiff-Respondent. METROPOLITAN FIRE ASSURANCE COMPANY et al., Third-Party Defendants-Appellants.— Order, entered on May 13, 1963, affirmed, with $20 costs and disbursements to the respondent. We find the third-party complaint to be legally sufficient. Defendant in the main action may be held liable to plaintiff upon any one of three stated causes of action for breach of contract, fraud or negligence. The two third-party defendants are alleged to be principa' and agent. Upon the trial it might be found that defendant, as agent of the plaintiff, breached its contract with plaintiff or negligently failed to obtain a binder of insurance from the third-party defendant insurance company that was legally effective. At the same time a state of facts might be hypothesized upon which third-party defendants might be liable to third-party plaintiff for an independent and separate breach of contract or tort. The test is whether there is any possibility of liability over against a third party. In passing thereon we should not anatomize the pleading to the extent that implied suggestions are made as to what facts a litigant must prove to enable him to recover on the third-party complaint. Such a pleading is judged by somewhat different standards than are applied to the main complaint (*Humble Oil & Refining Co.* v. *Kellogg Co.*, 13 A D 2d 754). Concur — Botein, P. J., McNally, Stevens and Bastow, JJ.; Steuer, J., dissents in the following memorandum: In this action plaintiff insurance company sues an insurance agent. According to the complaint, plaintiff effected fire insurance in the sum of $75,000 on the premises of Coates Coal Company. Defendant, as agent, had effected the insurance by means of a binder. Plaintiff inspected the property and informed Hunt Agency, Inc. (herein Hunt) that it did not wish to continue the risk to the extent of $75,000 but was willing to continue it to the extent of $25,000. Plaintiff gave Hunt a

choice of two procedures: cancellation of the coverage or obtaining reinsurance in other companies to the extent of $50,000. Hunt chose the second alternative and in purported compliance delivered two binders for $25,000 each, one issued by National Casualty Insurance Co. and one by the third-party defendant, Metropolitan Fire Assurance Co. (herein Metropolitan). Shortly thereafter there was a fire loss on the property amounting to $58,730.39. Plaintiff made demand on the two other companies for their proportionate share, amounting to $19,576.79. National Casualty Insurance complied but Metropolitan refused on the ground that it had never assumed the risk. Plaintiff thereupon brought this action against Hunt on the theory that it had agreed to supply $50,000 of reinsurance whereas in fact it had only provided $25,000. Hunt brought a third-party action against Metropolitan, alleging that it had in fact issued the insurance. I do not see how the third-party complaint states a cause of action. If the binder that Hunt delivered to plaintiff was a valid undertaking of Metropolitan, then plaintiff cannot recover against Hunt, because Hunt in fact performed. Needless to say, in that situation there could be no recovery over. If the undertaking was invalid, or there was no undertaking, then Metropolitan would not be liable. It has been argued that liability might be invoked against Metropolitan on a misrepresentation of agency. If that theory was pleaded — which it is not — there could still be no liability. Hunt was the alleged agent. If Metropolitan represented that Hunt was its agent when in fact it was not, Metropolitan's liability would be to the person to whom it made the misrepresentation, namely, the plaintiff. It could not misrepresent to Hunt, because Hunt knew whether or not it was authorized to act for Metropolitan. So under no state of facts could Metropolitan be liable to Hunt, and Hunt's third-party complaint against it should be dismissed.